**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ZIYAN YAO; BORUI WANG, | No. 17-71265 |
| Petitioners, | Agency Nos. A206-208-191 |
| v. | A206-208-192 |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 6, 2020[**]
Honolulu, Hawaii

Before: FARRIS, McKEOWN, and BADE, Circuit Judges.

ZiYan Yao and her minor daughter entered the United States on November

1, 2013, as B-2 visitors for pleasure. Approximately one month later, Yao applied

for asylum, withholding of removal, and protection under the Convention Against

Torture (CAT). Yao requested relief and protection based on her claim that she was

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

subjected to a forced abortion in China. Yao petitions for review of the Board of Immigration Appeals' (BIA) order dismissing her appeal from the Immigration Judge's (IJ) decision denying her claims based on an adverse credibility determination. Our careful review of the record reveals that substantial evidence supports the agency's denial of asylum and withholding of removal on adverse credibility grounds.[1] *Rivera v. Mukasey*, 508 F.3d 1271, 1274 (9th Cir. 2007).

Yao must establish her own credibility to support her petition, either independently or with the help of corroborating evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(ii). We must deny her petition unless her presentation was "'so compelling that no reasonable fact finder could find' that [she] was not credible." *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003) (quoting *Garovillas v. INS*, 156 F.3d 1010, 1015–16 (9th Cir. 1998)). We "must uphold the IJ's adverse credibility determination so long as even one basis is supported by substantial evidence." *Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011).

In assessing credibility in this case, the IJ may consider the applicant's candor, responsiveness, plausibility, consistency, and any inaccuracies or falsehoods, "without regard to whether an inconsistency, inaccuracy, or falsehood

---

[1] Yao's petition for review does not challenge the agency's denial of CAT relief and therefore she has waived this claim. *See Alcaraz v. INS*, 384 F.3d 1150, 1161 (9th Cir. 2004).

goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). "[I]f the trier of fact either does not believe the applicant or does not know what to believe, the applicant's failure to corroborate [her] testimony can be fatal to [her] asylum application." *Sidhu v. INS*, 220 F.3d 1085, 1090 (9th Cir. 2000).

The IJ concluded that several implausibilities in Yao's testimony affected her credibility. First, although Yao was 41 years old at the time of the hearing and claimed she wanted a large family, she nonetheless remained in the United States, separated from her husband, years after a 2013 Chinese policy change that allowed her to have a second child. Second, Yao had her birth certificate and marriage documents notarized two months before she left China for the United States. She initially could not explain why she had those documents notarized. The IJ was not required to accept her later explanation that she had the documents notarized to apply for life insurance. And third, Yao claims that she did not receive a single medical record or any other documentary evidence from Chinese authorities or medical personnel to confirm her abortion, IUD procedures, or return hospital visits caused by IUD complications. *Cf. Huang v. Holder*, 744 F.3d 1149, 1154–55 (9th Cir. 2014). The IJ concluded that Yao's explanation for the lack of medical records was not convincing. *See Jibril v. Gonzales*, 423 F.3d 1129, 1135 (9th Cir. 2005) ("[A]n IJ must be allowed to exercise common sense in rejecting a

petitioner's testimony."). Thus, substantial evidence supports the IJ's adverse credibility determination.

Yao also failed to corroborate her testimony. For example, she failed to obtain declarations from family members or friends in China, besides her husband, who could support her testimony, and her explanation for failing to do so did not compel a conclusion that further corroborating evidence was altogether unavailable. *See Shrestha v. Holder*, 590 F.3d 1034, 1048 (9th Cir. 2010). The evidence does not compel a different conclusion as to Yao's credibility.

**PETITION DENIED.**